IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

---

KUN DUAN, and
MINGLING SUN,
*on behalf of themselves and others similarly situated,*
                      Plaintiffs,

                v.

HCND INC
    d/b/a Beyond's China Buffet,
HAO CHEN, and
FEI LU,
                      Defendants.

Case No. __-cv-_____

**29 U.S.C. § 216(b) COLLECTIVE
<u>ACTION COMPLAINT</u>**

**JURY TRIAL DEMANDED**

---

      Plaintiffs KUN DUAN (hereinafter "Duan") and MINGLING SUN (hereinafter "Sun;" hereinafter collectively with Duan, "Plaintiffs"), by and through their attorneys, Troy Law, PLLC, hereby bring this Complaint against Defendants HCND INC d/b/a Beyond's China Buffet (hereinafter "Beyond's China Buffet" or "Corporate Defendant"), HAO CHEN (hereinafter "Chen"), and FEI LU (hereinafter "Lu;" hereinafter collectively with Chen, "Individual Defendants;" Individual Defendants collectively with Corporate Defendant, "Defendants"), and allege as follows:

## <u>INTRODUCTION</u>

    1.    Plaintiffs bring this action, on behalf of themselves and other similarly situated employees of Defendants at Beyond's China Buffet's restaurant, located at 407 Dakota Avenue, Wahpeton, ND 58075, against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2. Plaintiffs allege pursuant to FLSA, 29 U.S.C. §§ 207(a), 216(b) that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages equal to unpaid overtime wages, or prejudgment interest thereon, (3) postjudgment interest, and (4) reasonable attorneys' fees and costs.

3. Plaintiffs have fulfilled all conditions precedent or such conditions have been waived.

## JURISDICTION & VENUE

4. The court has subject matter jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. As set forth more fully below, Beyond's China Buffet is a covered enterprise under the FLSA, inasmuch as it engaged in interstate and/or foreign commerce, had more than $500,000.00 in gross annual revenue during the relevant period, and Plaintiffs and other employees handled goods that had been moved in commerce; and Individual Defendants were Plaintiffs' employers jointly with Beyond's China Buffet.

5. Venue is proper in the United States District Court for the District of North Dakota pursuant to 28 U.S.C. § 1391, because Defendants reside and/or conduct business in the District of North Dakota, and because the acts and omissions giving rise to the claims alleged herein took place within the District of North Dakota.

## PLAINTIFFS

### *KUN DUAN*

6. Duan was employed by Defendants to work as a "Fry Wok" (a stir-fry or sauté cook) at Beyond's China Buffet from on or about June 15, 2024 through on or about September 10, 2024.

### *MINGLING SUN*

7. Sun was employed by Defendants to work as an "Oil Wok" (a deep-fry cook) at Beyond's China Buffet from on or about November 11, 2023 through on or about August 6, 2024.

## **DEFENDANTS**

### *HCND INC d/b/a Beyond's China Buffet*

8. Corporate Defendant was, throughout the period relevant to this lawsuit, a domestic business corporation with a registered address and principal place of business at 407 Dakota Avenue, Wahpeton, ND 58075, where it operated Beyond's China Buffet.

9. Corporate Defendant was, throughout the period relevant to this lawsuit, a business with gross annual revenue in excess of five hundred thousand dollars ($500,000.00) per year.

10. According to Plaintiffs' observations, Corporate Defendant had gross monthly revenue of between seventy thousand and ninety thousand dollars ($70,000.00–$90,000.00)—amounting to between eight hundred forty thousand and one million eighty thousand dollars ($840,000.00–$1,080,000.00) per year.

11. Corporate Defendant was, throughout the period relevant to this lawsuit, a business engaged in interstate or foreign commerce, including in ingredients for various dishes, whose employees, including Plaintiffs, handled goods moved in commerce, including ingredients and cleaning supplies.

12. Corporate Defendant throughout the period relevant to this lawsuit employed about five (5) employees, including Plaintiffs, at any one time: one (1) "fry wok;" one (1) "oil wok;" one (1) helper; one (1) dishwasher; and one (1) busser.

### *HAO CHEN*

13. Throughout the period relevant to this lawsuit, Chen was a day-to-day, on-site, hands-on manager of Beyond's China Buffet, who had the power to hire and fire employees, supervised Plaintiffs and the other employees, gave Plaintiffs and other employees their assignments, determined Plaintiffs' and other employees' schedules, determined Plaintiffs' and

other employees' salaries, and was responsible for preparing and keeping records of the employee payroll.

14. Throughout the period relevant to this lawsuit, Chen owned Beyond's China Buffet's premises at 407 Dakota Avenue, Wahpeton, ND 58075.

15. Chen and Lu are husband and wife respectively.

16. Upon information and belief "HCND" in Corporate Defendant's name stands for "Hao Chen, North Dakota."

17. Throughout the period relevant to this lawsuit, Chen, together with Lu, exercised financial and operational control over the Corporate Defendant, and controlled Plaintiffs' and other employees' employments at Beyond's China Buffet.

18. Chen acted willfully, intentionally, and maliciously and was Plaintiffs' employer, and the employer of other employees similarly situated, within the meaning of FLSA, and is jointly and severally liable with Corporate Defendant under the FLSA.

***FEI LU***

19. Throughout the period relevant to this lawsuit, Lu was a day-to-day, on-site, hands-on manager of Beyond's China Buffet, who had the power to hire and fire employees, supervised Plaintiffs and the other employees, gave Plaintiffs and other employees their assignments, determined Plaintiffs' and other employees' schedules, determined Plaintiffs' and other employees' salaries, and was responsible for preparing and keeping records of the employee payroll.

20. Throughout the period relevant to this lawsuit, Lu, together with Chen, exercised financial and operational control over the Corporate Defendant, and controlled Plaintiffs' and other employees' employments at Beyond's China Buffet.

21.   Lu acted willfully, intentionally, and maliciously and was Plaintiff's employer, and the employer of other employees similarly situated, within the meaning of FLSA, and is jointly and severally liable with Corporate Defendant under the FLSA.

## STATEMENT OF FACTS

***KUN DUAN***

22.   From on or about June 15, 2024 through on or about September 10, 2024, Duan regularly worked approximately sixty-eight hours and thirty minutes (68.50 hours) per week for Beyond's China Buffet: from about 9:50 AM through between about 9:00 PM and about 9:30 PM (on average about 9:15 PM), Mondays, Wednesdays, Thursdays, Fridays, Saturdays, and Sundays.

23.   Duan was allotted three (3) meal breaks per day: one (1) of approximately five minutes (0.08 hours) and two (2) of approximately ten minutes (0.17 hours) each—but these meal breaks were too short to be *bona fide* meal periods within the meaning of 29 C.F.R. § 785.19(a) and were instead rest periods under 29 C.F.R. § 785.18 that are counted as working time.

24.   From on or about June 15, 2024 through on or about September 10, 2024, Duan was compensated by a monthly cash salary of five thousand five hundred dollars ($5,500.00) plus lodging provided by the employer worth four hundred dollars ($400.00) for which he was not charged by the employer and regarding which the employer did not purport to claim a lodging credit, for a total monthly compensation of five thousand nine hundred dollars ($5,900.00). *See* 29 C.F.R. § 778.116.

25.   Accordingly, from on or about June 15, 2024 through on or about September 10, 2024, Duan's regular hourly wage amounted to nineteen dollars and eighty-eight cents ($19.88 = $5,900.00/month * 12 months/year / 52 weeks/year / 68.50 hours/week). *See* 29 C.F.R. § 778.113.

26. Throughout the period relevant to this lawsuit, Duan's compensation did not include an additional one-half times his regular hourly wage for hours worked beyond the fortieth (40th) hour per week.

27. Throughout the period relevant to this lawsuit, Duan was not exempt from receiving overtime under the FLSA.

28. Throughout the period relevant to this lawsuit, Duan was not a creative professional. Beyond's China Buffet primarily served common American-style Chinese dishes which did not require any special skill or training to make.

29. Throughout the period relevant to this lawsuit, Duan was not an executive employee. His primary duty was cooking dishes; he had no authority to hire or fire or promotion and did not make recommendations regarding same which were given particular weight; and he had no managerial authority over any of the other employees, who all reported to Individual Defendants.

30. Throughout the period relevant to this lawsuit, Duan was not an administrative employee. His primary duty was cooking dishes, and he did not keep or maintain business or financial records for Beyond's China Buffet.

31. Defendants did not keep any records of Duan's working time.

32. Defendants did not post a notice of employees' rights under the FLSA on the premises of Beyond's China Buffet.

33. Defendants committed the foregoing acts knowingly, willfully, maliciously, and in bad faith against Duan and other employees similarly situated.

*MINGLING SUN*

34. From on or about November 11, 2023 through on or about August 6, 2024, Sun regularly worked approximately sixty-seven (67.00) hours per week for Beyond's China Buffet:

from about 9:50 AM through about 9:00 PM, Mondays, Wednesdays, Thursdays, Fridays, Saturdays, and Sundays.

35. Sun was allotted three (3) meal breaks per day: one (1) of approximately five minutes (0.08 hours) and two (2) of approximately ten minutes (0.17 hours) each—but these meal breaks were too short to be *bona fide* meal periods within the meaning of 29 C.F.R. § 785.19(a) and were instead rest periods under 29 C.F.R. § 785.18 that are counted as working time.

36. From on or about November 11, 2023 through on or about April 30, 2024, Sun was compensated by a monthly cash salary of four thousand dollars ($4,000.00) plus lodging provided by the employer worth four hundred dollars ($400.00) for which he was not charged by the employer and regarding which the employer did not purport to claim a lodging credit, for a total monthly compensation of four thousand four hundred dollars ($4,400.00). *See* 29 C.F.R. § 778.116.

37. Accordingly, from on or about November 11, 2023 through on or about April 30, 2024, Sun's regular hourly wage amounted to fifteen dollars and fifteen cents ($15.15 = $4,400.00/month * 12 months/year / 52 weeks/year / 67.00 hours/week). *See* 29 C.F.R. § 778.113.

38. From on or about May 1, 2024 through on or about August 6, 2024, Sun was compensated by a monthly cash salary of four thousand three hundred dollars ($4,300.00) plus lodging provided by the employer worth four hundred dollars ($400.00) for which he was not charged by the employer and regarding which the employer did not purport to claim a lodging credit, for a total monthly compensation of four thousand seven hundred dollars ($4,700.00). *See* 29 C.F.R. § 778.116.

39. Accordingly, from on or about May 1, 2024 through on or about August 6, 2024, Sun's regular hourly wage amounted to sixteen dollars and nineteen cents ($16.19 = $4,700.00/month * 12 months/year / 52 weeks/year / 67.00 hours/week). *See* 29 C.F.R. § 778.113.

40. Throughout the period relevant to this lawsuit, Sun's compensation did not include an additional one-half times his regular hourly wage for hours worked beyond the fortieth (40th) hour per week.

41. Throughout the period relevant to this lawsuit, Sun was not exempt from receiving overtime under the FLSA.

42. Throughout the period relevant to this lawsuit, Sun was not a creative professional. Beyond's China Buffet primarily served common American-style Chinese dishes which did not require any special skill or training to make.

43. Throughout the period relevant to this lawsuit, Sun was not an executive employee. His primary duty was cooking dishes; he had no authority to hire or fire or promotion and did not make recommendations regarding same which were given particular weight; and he had no managerial authority over any of the other employees, who all reported to Individual Defendants.

44. Throughout the period relevant to this lawsuit, Sun was not an administrative employee. His primary duty was cooking dishes, and he did not keep or maintain business or financial records for Beyond's China Buffet.

45. Defendants did not keep any records of Sun's working time.

46. Defendants did not post a notice of employees' rights under the FLSA on the premises of Beyond's China Buffet.

47. Defendants committed the foregoing acts knowingly, willfully, maliciously, and in bad faith against Sun and other employees similarly situated.

## COLLECTIVE ALLEGATIONS

48. Plaintiffs bring their FLSA claims individually and on behalf of all other current and former non-exempt workers employed by Defendants at Beyond's Chinese Buffet over the

three (3) years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

## CAUSES OF ACTION

### COUNT I.
### VIOLATION OF 29 U.S.C. § 207—FAILURE TO PAY OVERTIME
### BROUGHT ON BEHALF OF PLAINTIFFS AND THE COLLECTIVE AGAINST THE DEFENDANTS, JOINTLY AND SEVERALLY

49. Plaintiffs re-allege and incorporate by reference all factual averments as though fully set forth herein.

50. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

51. Throughout their respective employments, Plaintiffs were paid salaries that did not include additional pay at time-and-a-half for overtime.

52. Throughout their respective employments, Plaintiffs were not employees exempt from the overtime provisions of the FLSA.

53. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

54. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiffs overtime.

## JURY DEMAND

55. Plaintiffs demand a trial by jury on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of others similarly situated, respectfully request that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiffs to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

C. An injunction against Corporate Defendant, its shareholders, managers, agents, successors, employees, representatives, and any and all persons acting in concert with it as provided by law, including but not limited to the Individual Defendants, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiffs and any applicable opt-ins under FLSA;

E. An award of post-judgment interest under the FLSA;

F. An award of reasonable attorneys' fees and costs under FLSA; and

      G.    Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
       December 1, 2024

                                TROY LAW, PLLC

                                */s/ John Troy*
                                John Troy, Esq.
                                Tiffany Troy, Esq.
                                Aaron B. Schweitzer, Esq.
                                TROY LAW, PLLC
                                41-25 Kissena Boulevard
                                Suite 110
                                Flushing, NY 11355
                                Phone (718) 762-1324
                                Fax (718) 762-1342
                                troylaw@troypllc.com
                                *Attorneys for Plaintiffs*